# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TODD S. MORELAND, ) | |
| ) | |
| Plaintiff, ) | No. _____ |
| ) | |
| v. ) | JURY DEMAND |
| ) | |
| ANTHEM BLUE CROSS AND ) | |
| BLUE SHIELD INC., ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

The Plaintiff, Todd S. Moreland, sues the Defendant Anthem Blue Cross and Blue Shield Inc., and for his cause of action states as follows:

1. Todd S. Moreland is a citizen and resident of Hamilton County, Tennessee.

2. Defendant Anthem Blue Cross and Blue Shield Inc. ("Anthem") is a Georgia for-profit corporation doing business in Tennessee. It may be served through the Tennessee Secretary of State under the Tennessee Long Arm Statute at 1293 Courtland Ave, Macon, GA 31204.

3. Plaintiff brings this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. Plaintiff also has an ancillary claim for breach of contract.

4. Venue and jurisdiction are proper under 29 U.S.C. § 1132.

5. Plaintiff seeks to recover all benefits that are owed to him by Anthem under a health insurance policy insuring employees of Adman Electric, Inc., a Tennessee corporation with its principal place of business in Chattanooga, Tennessee ("the Plan").

6. The Plan was in full force and effect and Plaintiff was a participant in the Plan at all relevant times.

7. Anthem issued the Plan under group contract number GB019M002. The Plan constitutes a contract between Plaintiff and Anthem and is governed by ERISA.

8. On July 8, 2022, Plaintiff underwent a seven-level spinal fusion surgery by his physician, Dr. Jay Rhee.

9. Precertification was sought for the procedure.

10. Coverage for the procedure was initially denied by Anthem in a letter dated May 31, 2022, reference number UM30817143, based on lack of medical necessity, and later approved in a letter dated June 1, 2022, reference number UM30940958.

11. There was also an approval letter for the procedure dated November 11, 2022, reference number UM36799043.

12. However, coverage was not provided for the procedure. Because of extensive pain, Plaintiff was required to pay for the entire hospital bill out of pocket, which was $115,955.52, using advanced funds on a credit line.

13. Plaintiff requested that he be reimbursed and submitted an appeal to Anthem regarding the conflicting denial/approval letters for coverage.

14. Anthem has never responded to Plaintiff's appeal on the requested reimbursement.

15. Plaintiff exhausted his pre-litigation appeal obligations under the terms of the Plan and ERISA.

16. The denial of benefits for Plaintiff's surgical procedure constituted a breach of contract and caused Plaintiff to incur medical expenses that should have been paid by the Plan in an amount totaling $115,955.52.

17. The denial letters provided by Defendant failed to provide adequate notice to

Plaintiff with "the specific reasons for such denial, written in a manner calculated to be understood by the participant," as required by 29 U.S.C. § 1133.

18. Defendant acted in an arbitrary and capricious manner by sending conflicting letters on the medically necessary treatment.

19. Defendant, as agent of the Plan, breached its fiduciary duties to Plaintiff when it failed to comply with its obligations under 29 U.S.C. §1104 and 29 U.S.C. §1133 to act solely in Plaintiff's interest and for the exclusive purpose of providing benefits to ERISA participants and beneficiaries and to provide a full and fair review of claims.

20. The actions of Defendant and the Plan in failing to provide coverage for Plaintiff's surgical procedure are a violation of the terms of the Plan and its medical necessity criteria.

21. Plaintiff is entitled to recover benefits due under 29 U.S.C. § 1132(a)(1)(B).

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) Judgment in the total amount that Plaintiff paid for Plaintiff's medically necessary treatment under the terms of the Plan and any additional amounts owed for such treatment, plus pre- and post-judgment interest to the date of payment;

(b) Attorney fees and costs incurred pursuant to 29 U.S.C. §1132(g);

(c) That a jury trial be had on all claims triable by jury;

(d) Such further relief as the Court deems just and proper.

Respectfully submitted,

HORTON, BALLARD & PEMERTON, PLLC

By: <u>s/ William H. Horton</u>
William H. Horton, BPR No. 1935
735 Broad Street, Suite 306
Chattanooga, TN 37402
Telephone: (423) 826-2640
Facsimile: (423) 826-2639
*Attorneys for Plaintiff*

4